|   |   |   |
|---|---|---|
| | UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT SEATTLE | |
| | ALLAN MONTGOMERY,<br><br>          Plaintiff,<br><br>     v.<br><br>RAINIER BEACH POOL, et al.,<br><br>          Defendants. | CASE NO. C19-2035 MJP<br><br>ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL |

THIS MATTER comes before the Court on Plaintiff's Motion to Appoint Counsel (Dkt. No. 7). Having reviewed the Motion, the Complaint (Dkt. No. 1, Ex. 1 ("Compl."), and the remaining record, the Court DENIES Plaintiff's Motion.

Plaintiff filed his 42 U.S.C. §1983 claim in this Court on December 13, 2020, seeking leave to proceed in forma pauperis ("IFP"). (Dkt. No. 1.) Plaintiff was granted leave to proceed IFP on December 20, 2019. (Dkt. No. 5.) Plaintiff's complaint alleges that on multiple occasions he was unable to use the Rainier Beach Pool during women-only swim periods in

violation of his civil rights. (See Compl.) On January 23, 2020, Plaintiff filed the motion to appoint counsel at issue here. (Dkt. No. 7.) No response was filed.

There is no constitutional right to appointed counsel in civil cases, including cases brought pursuant to §1983. Campbell v. Burt, 141 F.3d 927, 931 (9th Cir. 1998). The Court has discretion to appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1), but an appointment of counsel should only be granted under "exceptional circumstances." Agyeman v. Corrections Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004). To find exceptional circumstances, the court must evaluate the likelihood of success on the merits and the ability of the petitioner to articulate the claims pro se in light of the complexity of the legal issues involved. Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

A review of Plaintiff's Complaint indicates no exceptional circumstances that would justify appointment of counsel. Plaintiff's claim does not appear to be particularly complex, and Plaintiff articulates his claim with clarity in his Complaint. This case is not an appropriate for Court appointed counsel, and Plaintiff's motion is DENIED.

The clerk is ordered to provide copies of this order to Plaintiff and all counsel.

Dated February 19, 2020.

Marsha J. Pechman
United States District Judge