| | |
|---|---|
| ALLAN MONTGOMERY,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>RAINIER BEACH POOL, et al.,<br><br>　　　　　　　Defendants. | CASE NO. C19-2035 MJP<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

This matter comes before the Court on Plaintiff's Motion for Reconsideration. (Dkt. No. 12.) Having reviewed the Motion and all relevant documents, the Court DENIES the Motion for the reasons set forth below.

Plaintiff brings a 42 U.S.C. § 1983 claim alleging that on multiple occasions he was unable to use the Rainier Beach Pool during women-only swim periods in violation of his civil rights. (See Dkt. No. 1, Ex. 1 ("Compl.").) Plaintiff was granted leave to proceed in forma pauperis ("IFP") on December 20, 2019. (Dkt. No. 5.) On February 19, 2020, the Court denied Plaintiff's Motion to Appoint Counsel, finding no exceptional circumstances justified such an

ORDER DENYING MOTION FOR RECONSIDERATION - 1

appointment in this civil matter. (Dkt. No. 9.) Plaintiff now moves for reconsideration, arguing that the Court failed to analyze his case based on its likelihood of success on the merits, to approve a plaintiff class, or to appoint class counsel. (Dkt. No. 12.)

Under Local Rule 7(h), "[m]otions for reconsideration are disfavored." LR 7(h). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Id.; see also Marlyn Nutraceuticals, Inc. v. Mucos Pharma, 571 F.3d 873, 880 (9th Cir. 2009) (finding a motion for reconsideration warranted only when a district court is presented with newly discovered evidence, committed clear error, or when there is an intervening change in the controlling law).

Plaintiff argues that the Court's previous order failed to analyze his likelihood of success on the merits. To be clear, the Court finds that Plaintiff has a low likelihood of success on the merits and any recovery will be *de minimus*. Further, as noted in its previous Order, the Court also finds that this case is neither legally nor factually complex and will require little, if any, discovery. (Dkt. No. 9 at 2); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir.1983). And while mindful of Plaintiff's contention that he is "virtually blind" and has limited mobility at this time (Dkt. No. 12 at 3), the Court noted in its previous Order that Plaintiff was able to articulate his claim with clarity in his Complaint. (Dkt. No. 9 at 2.) In response to this point, Plaintiff now contends that his filings were all "written by a non-lawyer friend" and that these are documents Plaintiff "may not even fully understand at this point." [1] (Dkt. No. 12 at 4.) The Court is

---

[1] The Court would like to caution Plaintiff and any "non-lawyer friend" that the unlawful practice of law is a gross misdemeanor in the State of Washington. RCW 2.48.180. The practice of law includes, but is not limited to: (1) Selection, drafting, or completion of legal documents or agreements which affect the legal rights of an entity or person(s); and (2) Representation of another entity or person(s) in a court, or in a formal administrative adjudicative proceeding or other formal dispute resolution process or in an administrative adjudicative proceeding in which legal pleadings are filed or a record is established as the basis for judicial review. See Wash. General Rule 24.

concerned that Plaintiff has misrepresented his *pro se* status and declines to find that Plaintiff is entitled to counsel based on his use of a ghostwriter. To hold otherwise would pervert the Court's practice of granting leeway to *pro se* litigants and would encourage the unauthorized practice of law.

Plaintiff also asks the Court to consider his request to appoint class counsel. (Dkt. No. 12 at 1.) But because the Court declines to appoint counsel, Plaintiff may not proceed on behalf of others in a putative class action and the issue is not properly before the Court at this time. See Johns v. Cnty. of San Diego, 114 F.3d 874, 876 (9th Cir.1997) (non-attorney may appear *pro se* on own behalf but has no authority to appear as an attorney for others). Finding that Plaintiff has failed to show manifest error in the prior ruling or present new facts or legal authority which could not have been brought to the Court's attention earlier with reasonable diligence, the Court DENIES Plaintiff's Motion for Reconsideration (Dkt. No. 12).

The clerk is ordered to provide copies of this order to Plaintiff and all counsel.

Dated April 6, 2020.

Marsha J. Pechman
United States District Judge